IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BOBBY EARL WILSON, JR.                                                              PLAINTIFF

v.                                                                                   No. 4:09CV13-P-A

WARDEN MORRIS, ET AL.                                                               DEFENDANTS

**ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT OR ORDER**

This matter comes before the court on the plaintiff's motion for reconsideration of the court's September 1, 2009, memorandum opinion and final judgment dismissing this case for failure to state a claim upon which relief could be granted. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion for relief from a judgment or order under FED. R. CIV. P. 60.

Wilson filed a notice of voluntary dismissal of this case on June 9, 2009, and the case was dismissed. Then, on August 13, 2009, Wilson sent a letter to the court requesting that the court "[p]lease reinstate[] by case or notify Mr[s.] Andrea Funches to cancel the $350.00 charge on my inmate account." On September 1, 2009, the court entered an order holding that the filing fee could not be refunded – and dismissing the case with prejudice for failure to state a claim upon which relief could be granted.

Now Wilson has filed a motion to alter the judgment seeking to vacate the court's September 1, 2009, judgment – and to reinstate the voluntary dismissal. Wilson argues that the court erred in interpreting his August 13, 2009, letter to the court as a motion to reinstate the case. The court must liberally construe papers submitted by *pro se* plaintiffs, *Haines v. Kerner*, 404 U.S. 519 (1972), and the plaintiff clearly requested alternative forms of relief in the August

13 letter – a refund of his filing fee, which the court rejected, or reinstatement of his case. By any reasonable interpretation, the letter was a motion seeking relief – like the multitude of letter motions the court receives from inmates each year. The court granted the motion and reinstated the case. Once the case was reinstated, the court dismissed all of Wilson's claims on the merits.

An order granting relief under Rule 60 must be based upon: (1) clerical mistakes, (2) mistake, inadvertence, surprise, or excusable neglect, (3) newly discovered evidence, (4) fraud or other misconduct of an adverse party, (5) a void judgment, or (6) any other reason justifying relief from the operation of the order. The plaintiff has neither asserted nor proven any of the specific justifications for relief from an order permitted under Rule 60. In addition, the plaintiff has not presented "any other reason justifying relief from the operation" of the judgment. As such, the plaintiff's request for reconsideration is **DENIED.**

**SO ORDERED,** this the 14th day of December, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE